**Filed by:**
**Mark B. French**
**Attorney at Law**
**1901 Central Dr., Suite 704**
**Bedford, Texas 76021**
**(817) 268-0505**
**(817) 268-0597 (fax)**
**mark@markfrenchlaw.com (email)**

**ATTORNEY FOR JUAN JOSE' SILVA & EMIGDIA CISNEROS SILVA**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: § | | BANKRUPTCY NO. |
| § | | 09-43881-DML-13 |
| JUAN JOSE' SILVA & § | | |
| EMIGDIA CISNEROS SILVA § | | Pre-Hearing Conference |
| § | | July 16, 2010 |
| DEBTORS § | | 8:30 a.m. |

APPLICATION FOR ALLOWANCE OF
ATTORNEY'S FEES AND EXPENSES

NOTICE OF HEARING

ON **JULY 16, 2010**, WHICH IS AT LEAST TWENTY (20) DAYS FROM THE DATE OF SERVICE OF THIS NOTICE, A PRE-HEARING CONFERENCE WITH THE STANDING CHAPTER 13 TRUSTEE, ON THE APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES AND EXPENSES WILL BE HELD BY THE TRUSTEE AT 8:30 A.M. THE PRE-HEARING CONFERENCE WILL TAKE PLACE AT THE OFFICE OF THE STANDING CHAPTER 13 TRUSTEE AT 6851 NE LOOP 820, SUITE 300, NORTH RICHLAND HILLS, TEXAS.

ANY OBJECTIONS TO THE APPLICATION THAT ARE NOT RESOLVED OR DEFAULTED AT THE PRE-HEARING CONFERENCE WILL BE HEARD BY THE COURT ON **JULY 22, 2010**, AT 9:00 O'CLOCK A.M. IN COURT ROOM 204, U.S. COURTHOUSE, TENTH AND LAMAR STREETS, FORT WORTH, TEXAS. CREDITORS ARE NOT REQUIRED TO ATTEND THE PRE-HEARING CONFERENCE, OR THE COURT HEARING, UNLESS THEY HAVE OBJECTIONS TO THE APPLICATION.

ANY PARTY DESIRING TO OBJECT TO THE APPLICATION MUST FILE A WRITTEN OBJECTION WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE U.S. COURTHOUSE, 501 WEST 10TH STREET, FORT WORTH, TEXAS 76102-3643 ON

OR BEFORE **JULY 12, 2010**, WHICH IS AT LEAST 20 DAYS FROM THE DATE THAT THIS NOTICE IS SERVED. ANY OBJECTION MUST BE IN <u>WRITING</u>, AND A COPY MUST BE SERVED UPON MR. AND MRS. SILVA'S COUNSEL, MARK FRENCH, LAW OFFICE OF MARK B. FRENCH, 1901 CENTRAL DRIVE, SUITE 704, BEDFORD, TEXAS 76021 AT LEAST FORTY-EIGHT (48) HOURS PRIOR TO THE PRE-HEARING CONFERENCE.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Mark B. French, the attorney of record for Juan Jose' Silva and Emigdia Cisneros Silva (collectively referred to "Mr. and Mrs. Silva"), files this Application for Allowance of Attorneys' Fees and Expenses and would respectfully show the Court as follows:

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 328 and 330, and Bankruptcy Rule 2016. This application is made pursuant to Paragraph 10(c)(i) of General Order 2009-03.

2.

Mr. and Mrs. Silva filed their petition under Chapter 13 of the United States Bankruptcy Code (11 U.S.C. § 1301 et. seq.) on July 1, 2009, and since such date have continued in the possession of their property as Debtors in Possession. I was retained as Counsel for Mr. and Mrs. Silva in June of 2009, just prior to the commencement of this case. I have never represented Mr. and Mrs. Silva prior to this case.

3.

**APPLICATION**

This Application seeks the allowance of fair and reasonable compensation for the professional services rendered by me on behalf of Mr. and Mrs. Silva during the period from June 24, 2009 through May 31, 2010, consistent with the results achieved, the size and complexity of the case, the time, labor and expertise brought to bear on the questions presented, and other related

factors, and for reimbursement of actual out-of-pocket disbursements I have ordinarily and necessarily incurred in the rendition of such professional services.

4.

I have been practicing law in the Metroplex since 1987. I am admitted to practice in all Texas State Courts as well as the Federal Courts for the Northern, Eastern, Western and Southern Districts of Texas. During the past 10 years I have devoted a majority of my practice to Bankruptcy matters. The Texas Board of Legal Specialization has certified me as a specialist in Consumer Bankruptcy Law.

5.

Prior to the filing of this case, Mr. and Mrs. Silva paid me a retainer of $1,000.00, the Chapter 13 filing fee of $274.00 and the counseling certificates fee ($50.00) with an additional $2,500.00 in fees to be paid by Chapter 13 Trustee from the Plan payments received from Mr. and Mrs. Silva. I am still owed $340.89 from the Plan payments portion of the attorney's fees, otherwise I have received all of these fees prior to the filing of this motion.

6.

I have not previously applied for allowance of fees and expenses. This application, is made pursuant to paragraph 10(c)(i) of General Order 2009-03 and seeks additional compensation beyond the standard fee.

7.

I believe that the fair and reasonable value for the legal services provided to Mr. and Mrs. Silva in connection with this proceeding, from June 24, 2009 through May 31, 2010, to be at least $8,000.00. Therefore, I seek approval of $8,324.00, which represents $8,000.00 in legal fees and

$324.00 in expenses.[1] As shown on the coversheet to this Application, the actual fees in this case, on a rate times time basis, exceed the standard fee of $3,500. I have reduced the fees I am seeking in light of Mr. and Mrs. Silva's limited financial circumstances.

8.

**NARRATIVE**

Mr. and Mrs. Silva contacted me in mid June 2009. They have been involved with the newspaper business for many years and currently publish the "El Extra" Spanish language newspaper. Over the years, Mr. & Mrs. Silva have accumulated multiple pieces of commercial property around the location where their business is operated in Dallas. The Silva's financial difficulties are related to the downturn in the printed newspaper business and are basically the same as those experienced by much larger papers such as the *Star-Telegram* and *Dallas Morning News*, only on a smaller scale. Mr. & Mrs. Silva began having cash-flow difficulties about 3 years ago and as a result started getting behind with their vendors and experienced trouble keeping up with the property tax payments on their commercial properties. They also ran up a substantial debt to the IRS.

The Bankruptcy filing was triggered by Chase Bank attempting to foreclose on one of their commercial properties that had substantial equity. This case was filed on July 1, 2009 and the Silva's Plan was confirmed on January 5, 2010. The Silva's Plan provides for the sale of their commercial properties as needed to pay their debts. Unhappy with the payments it was receiving, or not receiving, Chase Bank filed a Motion for Relief on November 25, 2009 (Docket No. 24). This Motion proceeded to an evidentiary hearing on January 6, 2010. At this evidentiary hearing the

---

[1] As shown on the attached Exhibit A, the actual fees for this case total $9.112.00. I am voluntarily reducing this amount to reflect the Silva's limited financial resources.

Court found the testimony of the Silva's Valuation Expert persuasive and continued the stay in effect. The Order approving the TRCC was entered on May 27, 2010

I believe that the majority of the work has been done in this case. The remaining contingency to the success of this case is the Silva's sale of their commercial properties and, as that is not within the control of the undersigned, this is an appropriate time for a fee application.

9.

## SUMMARY OF PROFESSIONAL SERVICES

The following is a summary to highlight the professional services I have rendered, to apprise the Court of my role as counsel for Mr. and Mrs. Silva in this case. This case was not a typical Chapter 13 Case. The professional services rendered by myself may be classified as follows:

- Preparation of Schedules, Chapter 13 Plan and other required court filings (15.9 hours)
- 341 Meeting (3.5 hours)
- General Communication with Client regarding case (2.9 hours)
- General Communication with other parties regarding case (.4 hours)
- Time spent dealing with issues involving JP Morgan Chase Bank (13.2 hours)
- Time spent addressing the tax issue (1.5 hours)
- Time spent addressing the TRCC (12.3 hours)
- Work on Fee Application (9.3 hours) *

*limited to $500.00 per General Order 2009-03

10.

## STANDARDS FOR ALLOWANCE OF FEES AND EXPENSES

Pursuant to Section 330 of the Bankruptcy Code, a bankruptcy court may allow reasonable compensation for actual, necessary services rendered by a professional in the case, determining the reasonableness of the compensation requested based upon the nature, extent and value of such services to the estate. Similarly, a bankruptcy court may allow the reimbursement of actual, necessary expenses incurred by a professional in connection with the rendition of services. Specifically, Section 330 provides impertinent part:

    (a)(1)   After notice to the parties in interest and the united States Trustee and a hearing, and subject to sections . . . 328 . . ., the court may award to . . . a professional person employed under section 327 . . .

        (A)   reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and

        (B)   reimbursement for actual, necessary expenses.

    (3)   In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-

        (A)   the time spent on such services;

        (B)   the rate charged for such services;

        (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

        (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

        (E)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(1) & (3) (2004).

        The Fifth Circuit has held that the five factors set out in Section 330(a)(3) of the Bankruptcy Code are the most relevant to fee determinations in bankruptcy cases. *See e.g., Peele v. Cunningham (In re Texas Securities, Inc.)*, 218 F.3d 443, 445 (5th Cir. 2000); *Donaldson Lufkin & Jenrette Sec. Corp. v. National Gypsum Co. (In re National Gypsum Co.)*, 123 F.3d 861, 863 (5th Cir. 1997). Of additional relevance are the twelve factors set forth by the Fifth Circuit in the

seminal case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2] Otherwise known as the "First Colonial" factors, see *In the Matter of First Colonial Corporation of America,* 544 F.2d. 1291 (5th Cir. 1977).

11.

### FIRST COLONIAL FACTORS

Pursuant to *In the Matter of First Colonial Corporation of America,* 544 F.2d. 1291 (5th Cir. 1977), I would show the Court the following twelve factors to be considered in making a determination as to the reasonableness of the fees being requested:

a. **Time and Labor Involved**.

As shown in the narrative above, this was not a simple case. As a result the amount of time required to represent Mr. and Mrs. Silva in this case far exceeds what is typically required to represent a Chapter 13 Debtor. The time expended in this case is described in detail on the attached Exhibit A. My firm has expended time in excess of that recorded on Exhibit A on this matter. From June 24, 2009 to May 31, 2010, I have expended over 18 hours of attorney time and 24 hours of support staff time, in connection with this case. A summary of the expenses for which reimbursement is sought is attached as Exhibit B.

b. **Novelty and Difficulty of the Questions**.

As discussed above, the issues concerning Mr. and Mrs. Silva's case are far greater than those in a typical wage earner case. The Silva's are self employed and their Plan depends on the sale of their commercial property for funding, as their cash flow was not sufficient for that purpose.

---

[2] Because this is a Chapter 13 proceeding, the provisions of 11 U.S.C. § 330(a)(4)(B) are applicable.

Predictably, one of the secured creditors were not prepared to wait and so an evidentiary hearing on a Motion for Relief was required to allow the case to proceed.

    c.    **Skill Required to Perform the Legal Service Properly**.

I believe that the successful results obtained in this proceeding to date demonstrate that I have the requisite skills to perform the necessary legal services in this proceeding. The issues presented with Mr. and Mrs. Silva's case were advanced and required significant attention from me to be resolved.

    d.    **Preclusion of Other Employment**.

This is not a factor in this case.

    e.    **The Customary Fee**

The fee and expense compensation that I am seeking in this Application is in accordance with my standard rate and below the customary hourly rate charged by other Board Certified bankruptcy attorneys in Tarrant County, Texas.

    f.    **Whether the Fee is Fixed or Contingent**.

The fee in this proceeding is based, as in all bankruptcy cases, upon the availability of funds and approval of this Court. Thus while the amount of the fee can be determined based on hourly rates, the availability of the funds to pay if the fee exceeds the amount of the standard fee is certainly a contingency of payment.

    g.    **Time Limitations Imposed by the Client or Other Circumstances**.

Immediate time demands in this matter and the requirement that I personally be involved have imposed time restraints.

  h. **The Amount Involved and the Results Obtained**

The debts owed by Mr. & Mrs. Silva are substantial and restructuring them required more expertise than the typical consumer case.

  i. **The Experience, Reputation and Ability of the Attorney**.

I have considerable experience as an attorney in the bankruptcy area, as I have been engaged in such work for a number of years. I am Board Certified in Consumer Bankruptcy Law by the Texas Board of Legal Specialization. I am a master of the John C. Ford American Inn of Court, an organization devoted to improving the reputation, ethical standards and skills of the bankruptcy lawyers in the Dallas-Fort Worth area. I am also a member of the ABI, the NACBA, the Tarrant County Bankruptcy Bar Association, and the Tarrant County Debtor Bar Association.

  j. **The Undesirability of the Case**.

This case was undesirable because it was apparent before I accepted the representation that the amount of work that would be required would likely exceed the $3,500 standard fee for Chapter 13 business cases. Thus there was a contingency (as there almost always is in Chapter 13) of the case lasting long enough to get paid the standard fee as well as the contingency of the case being successful enough to allow for a fee application.

  k. **The Nature and Length of the Professional Relationship with the Client**.

Prior the commencement of this case, I had not represented Mr. and Mrs. Silva.

  l. **Awards in Similar Cases**.

Based upon fees normally awarded in cases of this type in the Northern District of Texas, Applicant believes that the fees applied for herein are reasonable and just and well within the fee range previously allowed by the Bankruptcy Courts of the Northern District of Texas.

12.

It is my intention that this Application comply with the requirements of Judge Lynn's November 25, 2009 Memorandum Order concerning fee applications in Chapter 13 cases as well as the Bankruptcy Code and the Northern District of Texas Rules and Guidelines for Compensation and Expense Reimbursement of Professionals. If any additional information is needed, I will promptly supply it upon the request of the Court or Trustee.

13.

**SERVICE OF EXHIBITS "A" AND "B"**

For purposes of minimizing costs, Applicant is serving Exhibits "A" and "B" hereto only on: the parties receiving this application by ECF. Any other party that wishes to obtain a copy of Exhibit "A" and "B" may do so by downloading the same from the Court's electronic docket at: www.txnb.uscourts.gov. Alternatively, any party that wishes to obtain a copy of Exhibit "A" may obtain one free of charge by contacting:

>Kristi Erickstad
>Law Office of Mark B. French
>1901 Central Drive, Suite 704
>Bedford, Texas 76021
>(817) 268-0505
>(817) 268-0597 (fax)
>kristi@markfrenchlaw.com

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully requests that this Court enter an order: (i) approving this Application; (ii) allowing the fees and expenses sought herein in the amount of $8,324.00 for fees and expenses incurred; (iii) authorizing such fees and expenses to be paid directly or through a modification of Mr. & Mrs. Silva's Chapter 13 Plan at the option of Applicant; and (iv), granting Applicant such other and further relief as to which I may be justly entitled.

Respectfully Submitted,

/s/ Mark B. French
Mark B. French
State Bar No. 07440600

Law Office of Mark B. French
1901 Central Drive, Suite 704
Bedford, TX 76021
(817) 268-0505
(817) 268-0597 (fax)
mark@markfrenchlaw.com (email)

ATTORNEY FOR JUAN JOSE' SILVA &
EMIGDIA CISNEROS SILVA

**CERTIFICATION**

I hereby certify that Mr. & Mrs. Silva have been given the opportunity to review the foregoing Application and that they have approved the requested amount.

/s/ Mark B. French
Mark B. French